UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

VICTORINA MATA,                                                                         6:13-cv-485-TC

                Plaintiff,

                  FINDINGS & RECOMMENDATION

     v.

OREGON HEALTH AUTHORITY, an
agency of the state of Oregon, OREGON
DEPARTMENT OF HUMAN SERVICES,
an agency of the state of Oregon,
CATHLEEN KAUFMANN, PATRICIA
WENTZ, BEVIN HANSELL, and BRUCE
GOLDBERG,

                Defendants.

COFFIN, Magistrate Judge:

      Plaintiff, Victorina Mata, initiated this action in the Circuit Court of the State of Oregon for the County of Marion on January 31, 2013. The initial 55 page complaint alleged claims for: violation of Oregon's whistleblowing laws against plaintiff's former employer defendants Oregon Health Authority and Oregon Department of Human services; race and national origin discrimination under Title VII against defendants Oregon Health Authority and Oregon Department of Human services; race and national origin discrimination under state law against defendants Oregon Health Authority and Oregon Department of Human Services; and violation of due process,

Page 1 - FINDINGS & RECOMMENDATION

freedom of speech and equal protection under 42 U.S.C. § 1983 against defendants Cathleen Kaufman, Patricia Wentz, Bruce Goldberg and Bevin Hansell. Defendants removed the action to this court on March 21, 2013.

Plaintiff began work as a public affairs specialist (PAS 3) in August of 2009 with the Department of Human Services (DHS) to promote the Healthy Kids program. Plaintiff alleges that the individual defendants supervised her in their following capacities: Defendant Kaufman is the Oregon Health Authority (OHA) administrator of the Office of Healthy Kids and/or director of OHA's transformation center. Defendant Wentz is manager of the department of communications for OHA. Defendant Hansell, a subordinate of Kaufman, is OHA deputy administrator for Healthy Kids and/or office of client community services. Defendant Goldberg is the director of OHA and DHS and Cover Oregon.

Plaintiff filed a much shorter amended complaint on May 14, 2014. In the amended complaint, plaintiff alleges that defendants DHS and OHA violated Oregon's whistleblower laws in the first claim for relief. Specifically, plaintiff alleges that as early as November of 2009 she identified what she believed were misrepresentations by defendants to the United States government, the Oregon Legislature, and the people of the State of Oregon concerning the number of Oregon children DHS was enrolling for health coverage benefits in violation state and federal law. Plaintiff further alleges that she believed the alleged misrepresentations demonstrated mismanagement and abuse of the defendants' authority because the inflated numbers would result in payment of federal tax dollars to defendants.

Plaintiff alleges she identified accounting irregularities by DHS and OHA regarding the Healthy Kids program such as payment for advertising service before services were provided, paying for services without proof of performance, paying no-bid contracts, and double payment to

vendors.

> Plaintiff alleges that
>
> Beginning approximately November 2009 and continuing, Plaintiff disclosed her concerns about the enrollment misrepresentations directly to Defendant Wentz, and directly or indirectly through Wentz to all Defendants. Beginning approximately September 2010 and continuing, Plaintiff disclosed her concerns about accounting irregularities directly to Defendant Wentz, and directly or indirectly through Wentz to all Defendants. Defendants' responses to her disclosures caused Plaintiff to disclose her concerns:
> a. in approximately October 2010 to the Oregon Secretary of State's Audit Division;
> b. in approximately February 2011 to the Oregon media;
> c. in approximately May 2011 to the Oregon Legislature; and,
> d. in approximately September 2011 to the Oregon Department of Justice;
> e. in approximately February, 2012 to Oregon Bureau of Labor and Industries (BOLI) and United States Equal Employment Opportunity Commission (EEOC).

First Amended Complaint (ECF# 28) at ¶ 9

Plaintiff further alleges that she continued to provide information, at the suggestion of the Oregon Department of Justice.

Plaintiff also alleges defendants engaged in retaliation and disciplinary action against her as a result of her disclosures. Plaintiff alleges that she filed a formal complaint with the Oregon Bureau of Labor and Industries and the Equal Employment Opportunity Commission in February of 2012 concerning the retaliatory conduct, but that in March of 2012, defendants informed her she would be terminated. Plaintiff was terminated in April of 2012.[1]

Plaintiff further alleges that

> Defendant Goldberg administered the OHA, the Oregon Health Exchange and CoverOregon to create a climate and culture encouraging the misrepresentation of these Agencies' capacities to the Federal Government, the State of Oregon and/or the people of Oregon. Defendant Goldberg's actions demonstrated a deliberate

---

[1]Plaintiff alleges that defendant Kaufman told her on March 14, 2012, that she would be terminated effective April 13 because of House Bill 4131 (a bill decreasing funding) and that On March 16, 2014, defendants Kaufman and Goldberg announced elimination of all Healthy Kids advertising .

Page 3 - FINDINGS & RECOMMENDATION

> indifference to Plaintiff's constitutional rights and created a specific risk of harm to Plaintiff, by:
> a. causing or contributing to the Defendants' retaliation and failure to lawfully and timely act on Plaintiff's concerns and complaints about OHA's misrepresented enrollment numbers and financial irregularities; and/or,
> b. causing or contributing to the Defendants' retaliation and failure to reasonably assist Plaintiff to remain employed at OHA or transition to work for the Transformation Center, Oregon Health Exchange or CoverOregon in order to have these agencies free of employees challenging the agencies' representations of the agencies' capacities or financial management.

First Amended Complaint (ECF# 28) at ¶ 17.

Plaintiff alleges, for her second claim of relief, that defendants Goldberg, Kaufman, Wentz and Hansell violated her freedom of speech and due process rights in violation of 42 U.S.C. § 1983.[2] Plaintiff alleges the retaliatory conduct that she suffered violated her right to free speech in count one of the claim. In count two, plaintiff alleges:

> Plaintiff has Constitutional rights under the Fourth and Fourteenth Amendments to due process of law. Defendants violated these Constitutional rights when they retaliated because she expressed her concerns about DHS and/or OHA's misrepresentations about the number of children Oregon was insuring and her concerns about DHS and/or OHA financial irregularities, resulting in abuse and/or mismanagement of Federal and Oregon taxpayer's monies.
>
> Defendants' acts and omissions in this Second Claim for Relief violated Plaintiff's right to procedural and substantive due process under the Fourth and Fourteenth Amendments.
>
> Defendants misused their powers with a willful and malicious intent to deprive Plaintiff of her rights to due process and equal protection, and cause her grievous injuries thereby. Defendants' acted intentionally, knowingly, willfully and in conscious disregard to Plaintiff's Constitutional rights, and thereby deprived of her property interest in her employment.

First Amended Complaint (ECF #28) at ¶ 27-29.

Defendants move to dismiss the due process claims and defendant Goldberg from this action.

---

[2] Plaintiff also references equal protection in this claim, but concedes that she is not raising such claim.

Page 4 - FINDINGS & RECOMMENDATION

A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (citing Cedars–Sinai Med. Ctr. v. Nat'l League of Postmasters of the U.S., 497 F.3d 972, 975 (9th Cir. 2007)).

A.    Due Process

   1.    Substantive Due Process

Plaintiff asserts that defendants' conduct violated plaintiff's rights to speak out and continue to work . Thus, plaintiff asserts a substantive due process claim based on her right to continued employment with DHS and OHA as a media and communications specialist.

Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.' " Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting United States v. Salerno, 481 U.S. 739, 746 (1987)); Daniels v. Williams, 474 U.S. 327, 331 (1986) (explaining that substantive due process protects against government power arbitrarily and oppressively exercised). In asserting such a claim, plaintiff must show, at the outset, a liberty or property interest protected by the Constitution. Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994). Most courts around the country have rejected the claim that substantive due process protects the right to a particular public employment position, and the Ninth Circuit has

yet to decide the issue. <u>Engquist v. Oregon Dept. of Agric.</u>, 478 F.3d 985, 996–97 (9th Cir. 2007).[3]

There is a generalized due process right to choose one's field of private employment. <u>Conn v. Gabbert</u>, 526 U.S. 286, 291–92 (1999). This right, however, involves a complete prohibition of the right to engage in a calling, not a brief interruption. <u>Id.</u> at 292. There is a liberty interest in pursuing an occupation of one's choice. <u>See</u> <u>Dittman v.. Cal.</u>, 191 F.3d 1020, 1029–30 (9th Cir. 1999). A plaintiff can make out a substantive due process claim if she is unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis. <u>Sagana v. Tenorio</u>, 384 F.3d 731, 742–43 (9th Cir. 2004). However, plaintiff only alleges the loss of a specific job and there is no indication that plaintiff is prohibited from any future employment in an occupation in the same field.

Moreover, plaintiff fails to allege anything bordering on the level of "shocks the conscience." <u>See, e.g.,</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 848-49 (1998) (conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level). As the <u>Lewis</u> Court noted, customary tort liability is beneath this threshold. <u>Id.</u> This case simply involves garden variety allegations of whistleblowing retaliation sufficiently remedied by resort to statutory law. It is not a situation of constitutional magnitude. The motion to dismiss the substantive due process claim should be granted.

2.    <u>Procedural Due Process</u>

Plaintiff asserts that defendants gave her no valid process to address the progressive deprivation of a reasonable expectation to work free from retaliation.

The Fourteenth Amendment protects against the deprivation of property or liberty without

---

[3]As such, at a minimum, the individual defendants are entitled to qualified immunity. <u>Lum v. Jensen</u>, 876 F.2d 1385, 1389 (9th Cir. 1989) (no clearly established constitutional right to substantive due process protection of continued public employment).

Page 6 - FINDINGS & RECOMMENDATION

due process. Brady v. Gebbie, 859 F.2d 1543, 1547 (9th Cir. 1988). A section 1983 claim based upon the deprivation of procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

Plaintiff has a constitutionally protected property interest in continued employment if she has a legitimate claim of entitlement to it. Brady, 859 F.2d at 1547–48. A legitimate claim of entitlement arises if it is created by existing rules or understandings that stem from an independent source, such as state law. Id. at 1548. A statute, rule or contract may also confer the property interest. Trivoli v. Multnomah County Rural Fire Protection Dist. No. 10, 74 Or.App. 550, 554 (1985).

Plaintiff fails to allege any source demonstrating she is entitled to continued employment and under O.R.S. §§ 240.212, 240.240 and 240.560, she is not entitled to for cause only termination and thus has no property interest in continued employment in the managerial public affairs specialist position. See Brady v. Gebbie, 859 F.2d 1543, 1548 (9th Cir. 1988). Because she could be terminated at will, plaintiff is not entitled to any due process. Similarly, plaintiff's allegations of violation of whistleblowing laws and retaliation do not support a due process claim. Again, plaintiff has recourse under specific statutory laws to address these alleged violations and she has in fact resorted to such procedures through her complaints to BOLI and the EEOC. Plaintiff does not allege she requested and was subsequently denied a hearing. The motion to dismiss plaintiff's procedural due process claim should be granted.

B.    Defendant Bruce Goldberg

The operative complaint provides virtually no allegations, beyond legal conclusions, of Dr.

Goldberg's involvement in the alleged retaliation against plaintiff for speaking out. Indeed, beyond speculation that Wentz "directly or indirectly" disclosed the concerns raised by plaintiff, plaintiff only alleges knowledge of the matters of public concern she raised by Wentz. The retaliation on the part of Goldberg amounts to nothing more than conclusory legal allegations that fail to allege any plausible facts to establish liability. Goldberg's mere position as head of the State agency does not support liability under section 1983. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Bare assertions that Goldberg knew of and condoned and even willfully and maliciously agreed to violate plaintiff's constitutional rights are not entitled to a presumption of truth. Id. at 681-82. The same is true of plaintiff's claim of deliberate indifference to the plight of plaintiff even assuming such indifference rises to the magnitude of constitutional harm. Accordingly, the motion to dismiss defendant Goldberg should be granted.

Although plaintiff has had ample opportunity to flesh out the complaint and has previously alleged lengthy facts in her initial complaint, the court should permit an opportunity to amend the complaint to allege a section 1983 claim against Dr. Goldberg, if plaintiff has any appropriate additional facts to support the claim. See U.S. ex rel. Perry v. Hooker Creek Asphalt and Paving, LLC, --- Fed.Appx. ----, 2014 WL 1244276 (9th Cir. March 27, 2014) (Under futility analysis, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment even though plaintiff already had numerous opportunities to amend and submit many lengthy complaints). The due process claims cannot be saved by amendment given plaintiff's lack of an appropriate property or liberty interest and thus should be dismissed with prejudice.

Page 8 - FINDINGS & RECOMMENDATION

## CONCLUSION

For the reasons stated above, defendants' partial motion to dismiss (ECF #29) should be granted and plaintiffs' due process claims should be dismissed with prejudice. Defendant Bruce Goldberg should be dismissed without prejudice to amend the complaint to provide further detail as to his involvement in the alleged violation of section 1983.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this  2nd  day of July,  2014.

                                s/ Thomas M. Coffin
                                THOMAS M. COFFIN
                                United States Magistrate Judge