IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTORINA MATA,

        Plaintiff,

    v.

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, OREGON DEPARTMENT OF HUMAN SERVICES an agency of the State of Oregon, CATHLEEN KAUFMANN, PATRICIA WENTZ, BEVIN HANSELL, and BRUCE GOLDBERG,

        Defendants.

Civ. No. 6:13-cv-485-TC

OPINION and ORDER

MCSHANE, Judge:

    Defendants filed a Motion for Partial Reconsideration (ECF No. 88) pursuant to Fed. R. Civ. P. 59(e) and 60(a), for reconsideration of this Court's previous Opinion and Order (ECF No. 86) denying summary judgment as to the Plaintiff's First Claim for Relief - Count Three, relating to plaintiff's claim under ORS 659A.230. For the following reasons, **Defendants' Motion for Partial Reconsideration (ECF No. 88) is DENIED.**

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

The basis for the motion now before this Court (ECF No. 88), is that Defendants believe that the Plaintiff's ORS 659A.230 claim was not addressed by Judge Coffin's original Findings and Recommendations (ECF No. 79) concerning the Defendants' Motion for Summary Judgment (ECF No. 65), and therefore was also not addressed in this Court's most recent Opinion and Order (ECF No. 86).

## STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits a court to reconsider and amend a previous order. *Marcus v. Oregon*, 2012 WL 5955762 (D. Or. Nov. 25, 2012). A motion for reconsideration is proper if it (1) demonstrates why the Court should reconsider its prior opinion and (2) sets forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Donaldson v. Liberty Mutual Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

For summary judgment motions, a court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonably jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air., Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court should view the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995) (citing *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994)). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P (56)(c).

2 – OPINION AND ORDER

ORS 659A.230 provides as follows:

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported criminal activity by any person, has in good faith caused a complainant's information or complaint to be filed against any person, has in good faith cooperated with any law enforcement agency conducting a criminal investigation, has in good faith brought a civil proceeding against an employer or has testified in good faith at a civil proceeding or criminal trial.

## DISCUSSION

Defendants assert that this Court did not address Plaintiff's ORS 659A.230 claim in its previous Opinion and Order on Defendant's Motion for Summary Judgment. On the contrary, this Court clearly and specifically addressed Plaintiff's ORS 659A.230 claim as follows:

ORS § 659A.230 prohibits employers from discharging, demoting, suspending or in any manner discriminating or retaliating against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported criminal activity by any person, has in good faith caused a complainant's information or complaint to be filed against any person, has in good faith cooperated with any law enforcement agency conducting a criminal investigation, has in good faith brought a civil proceeding against an employer or has testified in good faith at a civil proceeding or criminal trial.
   To establish a retaliation case under Oregon's whistleblowing statutes, Plaintiff must show that (1) she was engaging in a protected activity, (2) she suffered an adverse employment decision, and (3) there was a causal link between the protected activity and the adverse employment decision." *Ruggles v. Cal. Polytechnic State Univ.,* 797 F.2d 782 (9th Cir. 1986).
   As to the first element, **I agree with Judge Coffin's findings that plaintiff has presented evidence to support the conclusion that she was engaged in a protected activity when she made internal and external reports of wrongdoing based on an objectively reasonable belief that a violation of law had occurred.** (ECF No. 86 at p. 7 and ECF No. 79 at p. 10).
   This Court also noted in its Order:

3 – OPINION AND ORDER

**Plaintiff alleges that she reasonably believed Defendants' enrollment misrepresentations and accounting irregularities were violations of Federal or Oregon law, rule or regulation.** Plaintiff further alleges that these misrepresentations and irregularities evidenced mismanagement, and/or were an abuse of the Agency's authority to use taxpayer money in ways the Agency was not entitled. (ECF No. 42 at p.5). Plaintiff alleges that beginning in September 2010, **she made these complaints and concerns known to her managers and also reported them to other state agencies including the Oregon Secretary of State's Audit Division, the Oregon Department of Justice' Fraud Unit, individual State legislators, and to the media.** (ECF No. 42 at p.5). In February 2012, plaintiff filed a formal Complaint with the Oregon Bureau of Labor & Industries (BOLI) and the United States Equal Employment Opportunity Commission (EEOC). (ECF No. 86 at p. 3).

This Court's stance is even echoed in its discussion of Plaintiff's First Amendment claim against defendants Kaufman and Wentz:

**Plaintiff's [alleged] acts of reporting no-bid contracts and possible wrongdoing and fraud to the Secretary of State, DOJ, and the media, as well as leaking what she believed to be wrongfully withheld public records to the media, were certainly not a part of her job duties and thus constituted private speech. It follows that if the plaintiff's allegations are true, the defendants certainly would not have taken the adverse employment action of constructively terminating the plaintiff absent her engaging in her speech that she made externally as a private citizen.** (ECF No. 86 at pp. 10-11).

This Court also clearly stated in its conclusion that Plaintiff's ORS 659A.230 claim "remains viable." (ECF No. 86 at p. 12).

Based on the standard of review for summary judgment as described above and in this Court's previous Order, the Court should view evidence in the light most favorable to the non-moving party. In this case, the plaintiff has presented sufficient evidence. Genuine issues of material fact remain in this case for Plaintiff's ORS § 659A.230 (First Claim for Relief - Count Three) to survive summary judgment and this motion for reconsideration.

4 – OPINION AND ORDER

## CONCLUSION

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion for Partial Reconsideration (ECF No. 88) is **DENIED**.

IT IS SO ORDERED.

DATED this 17th day of November, 2015.

_____
Michael J. McShane
United States District Judge

5 – OPINION AND ORDER